UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Crim. No. 13-66 (PAM/SER)

           Plaintiff,

v.   **MEMORANDUM AND ORDER**

Napoleon NMN Long, Jr.,

           Defendant.

---

This matter is before the Court on Defendant Napoleon Long's Motions for Compassionate Release under the First Step Act. Long filed a Motion pro se (Docket No. 104); counsel thereafter entered an appearance and filed a second Motion (Docket No. 132). Long's Motions argue that he has serious health conditions that warrant releasing him immediately or modifying his sentence so that he serves the remainder of it in home confinement. For the following reasons, Long's Motions are denied.

**BACKGROUND**

In July 2013, Long pled guilty to transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). On June 3, 2014, the Court sentenced him to 180 months' imprisonment with 15 years of supervision to follow. (Docket No. 51.) Long has served 97 months, or slightly more than half of his sentence. He is currently incarcerated at the Federal Correctional Institution Florence in Florence, Colorado ("FCI-Florence") and is scheduled for release in October 2025.

There is no dispute that Long has sufficiently exhausted available administrative remedies. See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). His Motion is therefore ripe for consideration.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). The Sentencing Guidelines define such reasons to include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). However, many courts have determined that this application note does not restrict consideration of other factors when the individual, and not the Bureau of Prisons, brings the compassionate-release motion. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271, 276-77 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1181 (7th Cir. 2020). The Eighth Circuit has yet to confront the issue, and given the Court's conclusion that Long's health does not rise to an extraordinary and compelling reason for release under any definition of the term, the Court need not resolve it.

Long asserts that he is obese and that he suffers from prediabetes. He notes that the Centers for Disease Control lists obesity as a factor that could lead to severe complications should he contract COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 24, 2021). Diabetes is also a risk factor for severe COVID-19, although Long's condition has not yet reached diabetic levels and the CDC does not list prediabetes as a risk factor for severe COVID-19 illness. Finally, Long asks the Court to take into consideration the elevated COVID-19 risk he faces as a Black man. See Centers for Disease Control and Prevention, COVID-19 Racial and Ethnic Health Disparities, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/racial-ethnic-disparities/increased-risk-illness.html (last visited June 24, 2021). However, the disparity in risk for Black individuals is only slightly elevated for individuals in Long's age group. See id. Finally, Long acknowledges that he is fully vaccinated against COVID-19, having received his second dose of the vaccine in late May.

Long's vaccination status is highly relevant to whether his underlying health conditions constitute "extraordinary and compelling reasons" to release him from prison more than four years early. And although Long is correct that the COVID-19 vaccines may not prevent all COVID-19 infections, studies establish that they are highly effective at preventing serious infections, and close to one hundred percent effective at preventing hospitalization and death. That new variants may challenge the vaccines' effectiveness is a matter of speculation, and the Court cannot release individuals based on mere speculation that a variant may arise that renders vaccines ineffective. Long has not demonstrated that the risk his health conditions create is extraordinary and compelling.

The Court must also consider whether the general sentencing factors in § 3553(a) warrant a reduction in sentence. The Court commends Long for his stellar disciplinary

3

record and for his attempts to better himself through education and training during the period of his incarceration. The Court cannot overlook, however, the extremely serious nature of Long's offense conduct. Moreover, because of the underlying offense, the release plan Long proposes is not possible. He asks to be released to his wife's residence, but his wife has young children and Long is not allowed to have contact with minors. These factors mitigate against his immediate release.

**CONCLUSION**

Long has not established that extraordinary and compelling reasons mandate his early release from incarceration. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motions for Compassionate Release (Docket Nos. 104, 132) are **DENIED**.

Dated: <u>Thursday, June 24, 2021</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge